IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1722-10






MARIE LOUISE OUELLETTE, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRD COURT OF APPEALS


WILLIAMSON COUNTY






 Meyers, J., filed a dissenting opinion.



DISSENTING OPINION 



 The problem in this case boils down to one thing: evidence regarding the pill bottle
should never have been entered in the first place. Because the defendant said she had not
taken the medication within the last month, it was not relevant to the DWI charge. The
prescription pill bottle found in Appellant's car is no more admissible to show that she
was driving while intoxicated than Alcoholics Anonymous literature found in the car
would be. The defense should have filed a motion to suppress this evidence and objected
to its admission at trial. Unfortunately, the defense didn't object until the jury charge
conference.

 To compound the problem, the court of appeals analyzed the improper jury charge
under a sufficiency of the evidence standard of review. The court pays lip service to
Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1985), but then goes on to review the
factual and legal sufficiency of the evidence. The court of appeals noted that Ouellette
did not object to the admission of any evidence relating to the drugs and said, "Under a
legal sufficiency standard of review, we consider all evidence properly admitted at trial,
including evidence here that prescription drugs were present in Ouellette's vehicle and
that Ouellette admitted that the medications were hers." Ouellette v. State, NO. 03-08-00566-CR, 2010 Tex. App. LEXIS 7053, at *8 (Tex. App.-Austin August 27, 2010)
(mem. op., not designated for publication). That may be true if this was a legal
sufficiency case. But it's not, and legal sufficiency is not the standard used to determine
if a jury charge is correct. The court of appeals concludes that "factually sufficient
evidence supports Ouellette's conviction of driving while intoxicated by reason of her
consumption of alcohol." Id. at *10. Again, this may be true, but we don't use a factual
sufficiency standard of review to say that a charge was properly submitted to the jury
either. I respectfully dissent to the majority's failure to even acknowledge the court of
appeals's use of the wrong standard. I would remand this case to the court of appeals for
a proper analysis of the jury charge error. 

 

 Meyers, J.

Filed: October 12, 2011

Publish